ERIC L. BARNUM, SBN 176064
*ebarnum@bakerlaw.com*
JENNIFER D. GHASSEMI, SBN 312110
*jghassemi@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

SHAIA A. STAMBUK, SBN 329240
*sstambuk@bakerlaw.com*
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221
Telephone: 714.754.6600

*Attorneys for Defendant*
SIMPLIFY ASSET MANAGEMENT INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY BASSMAN,<br><br>Plaintiff,<br><br>v.<br><br>SIMPLIFY ASSET MANAGEMENT, INC., and DOES 1 through 20,<br><br>Defendants. | Case No.: 8-26-cv-00846-JVS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:       July 13, 2026<br>Time:       1:30 PM<br>Place:      Courtroom 10C<br>Judge:      Hon. James V. Selna<br><br>[*Filed concurrently with Notice and Motion; Declarations of John Ryu, Kyle Johnson, and Eric L. Barnum; and [Proposed] Order*] |

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..........................................................................................7

II.   FACTUAL BACKGROUND ........................................................................7

    A.    Simplify's Business Involves Interstate Commerce ...........................7

    B.    Plaintiff Signed an Agreement Requiring Arbitration of All
          Claims Relating to His Employment. ..................................................8

    C.    Plaintiff Filed This Lawsuit in Violation of the Agreement................8

III.  ARGUMENT ................................................................................................9

    A.    The Federal Arbitration Act Applies to This Motion and The
          Agreement ...........................................................................................9

    B.    The FAA Mandates That Plaintiff's Claims Be Compelled to
          Individual Arbitration .......................................................................11

          1.    A valid agreement to arbitrate exists. .....................................12

          2.    The Agreement plainly covers Plaintiff's claims. ...................13

          3.    No generally applicable contract defense applies. ..................14

    C.    The Action Should Be Stayed Pending Completion Of Arbitration ..17

IV.   CONCLUSION ...........................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*,
513 U.S. 265 (1995) ...........................................................................................9

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) .........................................................................................13

*Anderson v. Safe Streets USA LLC*,
No. 2:18-cv-00323-KJM, 2018 WL 4106135 (E.D. Cal. Aug. 29,
2018).................................................................................................................13

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal. 4th 83 (2000), *overruled on other grounds by AT&T
Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)...............................15, 16, 17

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2012) .....................................................................................7, 15

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 373 (2011) .........................................................................................11

*Bassman v. Simplify Asset Management, Inc.*,
Case No. 8:26-cv-00846.....................................................................................8

*Binder v. Aetna Life Ins. Co.*,
75 Cal. App. 4th 832 (1999)..............................................................................12

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015)...........................................................................11

*Chico v. Hilton Worldwide, Inc.*,
No. CV 14-5750-JFW, 2014 WL 5088240 (C.D. Cal. Oct. 7, 2014) ................13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000)...........................................................................11

*Citizens Bank v. Alafabco, Inc.*,
539 U.S. 52 (2003) ........................................................................................9, 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*,
   83 Cal. App. 4th 677 (2000)...................................................................................12, 14

*Cox v. Ocean View Hotel Corp.*,
   533 F.3d 1114 (9th Cir. 2008)........................................................................................11

*Evenskaas v. California Transit, Inc.*,
   81 Cal.App.5th 285 (2022), *review denied* (Oct. 19, 2022)..................................9

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995) ...........................................................................12, 14, 15

*Furlough v. Capstone Logistics, LLC*,
   No. 18-cv-02990-SVK, 2019 WL 2076723 (N.D. Cal. May 10,
   2019)............................................................................................................13

*Giuliano v. Inland Empire Personnel, Inc.*,
   149 Cal.App.4th 1276 (2007)........................................................................9

*Green Tree Fin. Corp.-Alabama v. Randolph*,
   531 U.S. 79 (2000) .......................................................................................11

*Guo v. Louis Vuitton USA, Inc.*,
   2024 U.S. Dist. LEXIS 12132 (C.D. Cal. Jan. 23, 2024)..................................10

*Herrera v. CarMax Auto Superstores Cal., LLC*,
   2014 WL 3398363 (C.D. Cal. July 2, 2014) ....................................................10

*Kinney v. United HealthCare Servs., Inc.*,
   70 Cal. App. 4th 1322 (1999)........................................................................15

*McGrath v. Doordash, Inc.*,
   2020 WL 6526129 (N.D. Cal. Nov. 5, 2020)....................................................11

*Montes v. San Joaquin Cmty. Hosp.*,
   2014 WL 334912 (E.D. Cal. Jan. 29, 2014) (Thurston, M.J.) ...........................10

*Namisnak v. Uber Technologies, Inc.*,
   315 F. Supp. 3d 1124 (N.D. Cal. 2018) ..........................................................12

*Randas v. YMCA of Metropolitan Los Angeles*,
   17 Cal. App. 4th 158 (1993)..........................................................................13

*Republic of Nicar. v. Std. Fruit Co.*,
   937 F.2d 469 (9th Cir. 1991).........................................................................11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

*Reynolds v. NRC Environmental Services Inc.*,
  No. CV 20-5262 MWF, 2020 WL 6083112 (C.D. Cal. Aug. 24,
  2020) ............................................................................................................12

*Sanchez v. Valencia Holding Co., LLC*,
  61 Cal. 4th 899 (2015) ................................................................................16

*Shepard v. Edward Mackay Enters., Inc.*,
  148 Cal.App.4th 1092 (2007) ........................................................................9

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ......................................................................14

*Skrbina v. Fleming Cos.*,
  45 Cal. App. 4th 1353 (1996) ......................................................................15

*Stewart v. Preston Pipeline Inc.*,
  134 Cal. App. 4th 1565 (2005) ....................................................................13

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
  363 U.S. 574 (1960) ....................................................................................13

*Vasquez v. RSI Home Prods., Inc.*,
  2020 WL 6778772 (C.D. Cal. Nov. 12, 2020) ............................................10

*Victrola 89, LLC v. Jaman Properties 8 LLC*,
  46 Cal.App.5th 337 (2020) ..........................................................................10

*Walters v. Luxottica of Am. Inc.*,
  2024 WL 661195 (C.D. Cal. Jan. 5, 2024) ..................................................11

*Welch v. My Left Foot Children's Therapy, LLC*,
  871 F.3d 791 (9th Cir. 2017) ......................................................................13

**Statutes**

9 U.S.C. § 2 ........................................................................................................9, 14

9 U.S.C. § 3 ........................................................................................................7, 17

9 U.S.C. § 4 ........................................................................................................7, 11

Age Discrimination in Employment Act, the Americans with
  Disabilities Act .....................................................................................12, 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CAA ................................................................................................................... 17

Cal. Civ. Code § 1633.9(a) ............................................................................... 13

Cal. Code Civ. Proc. §§ 1281.97-1281.99 ........................................................ 16

California Arbitration Act .............................................................................. 7, 16

California Code of Civil Procedure Section 1283.05 ......................................... 16

Civ. Proc. Code § 1281.4 .............................................................................. 7, 17

Civil Rights Act of 1964 Title VII ................................................................ 12, 14

FAA ........................................................................................................... *passim*

Fair Labor Standards Act ............................................................................. 12, 14

Family and Medical Leave Act ..................................................................... 12, 14

Federal Arbitration Act ......................................................................... 7, 8, 9, 10

**Other Authorities**

California jurisprudence .................................................................................... 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This Motion is necessary because Harley Bassman ("Plaintiff") is attempting to pursue in court the claims that he contractually agreed to arbitrate pursuant to the Worksite Employee Acknowledgment and arbitration provision therein (hereafter the "Agreement") that Plaintiff entered into with his former employer, Defendant Simplify Asset Management Inc. ("Simplify").

It is well-established that agreements to arbitrate must be enforced as written under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"). *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2012) ("[C]ourts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms."). The FAA displaces any state laws that disfavor arbitration. *Id*. at 341 ("When state law prohibits outright the arbitration of a particular type of claim, . . . [t]he conflicting rule is displaced by the FAA."). Here, Plaintiff agreed to arbitrate claims arising from his employment with Simplify, and accordingly, under controlling law, should be ordered to do so.

Because Plaintiff refuses to abide by his contractual obligation, Simplify respectfully asks the Court to enter an order directing Plaintiff to submit his purported claims to final and binding arbitration in accordance with his arbitration Agreement. See 9 U.S.C. § 4.  Finally, Simplify seeks an order staying this action pending the Court's determination of this Motion and staying this action until completion of any resulting arbitration, as required under the FAA and the California Arbitration Act ("CAA"). *See* 9 U.S.C. § 3; Civ. Proc. Code § 1281.4.

### II.   FACTUAL BACKGROUND

#### A.   Simplify's Business Involves Interstate Commerce

Simplify is a registered investment advisor that creates, sponsors, and manages exchange-traded funds ("ETFs").  Declaration of John Ryu ("Ryu Decl.")

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

¶ 2. Simplify is a corporation organized under the laws of the State of Delaware, with its principal place of business in Las Vegas, Nevada. *Id.* Simplify's business is national in scope, including by managing in excess of $10 billion in investor assets across numerous ETFs for clients in California and across State lines. *Id.*

**B. Plaintiff Signed an Agreement Requiring Arbitration of All Claims Relating to His Employment.**

On July 22, 2021, Plaintiff entered into a Worksite Employee Acknowledgment with Simplify. Ryu Decl. ¶ 7 & Ex. A; Declaration of Kyle Johnson ("Johnson Decl.") ¶ 7 & Ex. A. This Worksite Employee Acknowledgment included an arbitration provision (the "Agreement"). *Id.* Specifically, the Agreement provides that Plaintiff and "Worksite Employer," defined as Simplify (Johnson Decl. Ex. A at 1 (¶ 1)), "agree to use binding arbitration as the sole and exclusive means to resolve all disputes that may arise between you and Worksite Employer and/or you and Justworks, including, but not limited to, disputes regarding termination of employment and compensation." Johnson Decl. Ex. A at 2 (¶ 10). The Agreement expressly provides that such arbitration will be governed by the Federal Arbitration Act. *Id.*

Plaintiff electronically signed the Agreement. *Id*. ¶¶ 3-10 & Ex. A at 3; Ryu Decl. ¶ 7 & Ex. A at 3.

**C. Plaintiff Filed This Lawsuit in Violation of the Agreement**

Despite this clear and binding agreement to arbitrate, on April 7, 2026, Plaintiff filed the instant lawsuit against Simplify in the United States District Court for the Central District of California, entitled *Bassman v. Simplify Asset Management, Inc.*, Case No. 8:26-cv-00846. The operative First Amended Complaint ("FAC"), filed on April 16, 2026, alleges ten causes of action arising out of Plaintiff's employment with Simplify, including claims for alleged breach of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 8-26-cv-00846-JVS-KES

contract, quantum meruit, unpaid wages, retaliation, unfair business practices, and wrongful termination.

## III.   ARGUMENT

### A.   The Federal Arbitration Act Applies to This Motion and The Agreement

The Federal Arbitration Act ("FAA") governs any arbitration agreement "evidencing a transaction involving commerce." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995); *see also* 9 U.S.C. § 2. *Allied-Bruce* "adopted ... a 'commerce in fact' interpretation, meaning that the transaction must merely turn out, in fact, to have involved interstate commerce." *Shepard v. Edward Mackay Enters., Inc.*, 148 Cal.App.4th 1092, 1097 (2007).[1] The parties need <u>not</u> "have contemplated substantial interstate activity at the time they entered into the agreement." *Id.*; *Giuliano v. Inland Empire Personnel, Inc.*, 149 Cal.App.4th 1276, 1286 (2007) (same); *see also Evenskaas v. California Transit, Inc.*, 81 Cal.App.5th 285, 293 (2022), *review denied* (Oct. 19, 2022) ("FAA preemption does not require that an agreement has a specific effect on interstate commerce."). Thus, in *Allied-Bruce*, a termite protection agreement involved interstate commerce because of the multistate nature of the defendant's business and the fact that materials used by the defendant came from outside the forum state. *See Allied-Bruce*, 513 U.S. at 282.

Here, Simplify's business affects interstate commerce. As described *supra*, Simplify engages in business across state lines. Ryu Decl. ¶ 2. Defendant's business is national in scope, including by servicing clients in California and in other states.

---

[1] *See also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 55 (2003) (holding that "the FAA encompasses a wider range of transactions than those actually 'in commerce'—that is 'within the flow of interstate commerce'"); *Evenskaas*, 81 Cal.App.5th at 291 ("For purposes of section 2 [of the FAA], the 'word "involving" is broad and is indeed the functional equivalent of "affecting,"' which 'signals Congress' intent to exercise its Commerce Clause powers to the full.'"); *Shepard*, 148 Cal.App.4th at 1097 ("[T]he phrase 'involving commerce' in the FAA is the functional equivalent of the term 'affecting commerce,' which ... signals the broadest permissible exercise of Congress's commerce clause power.").

9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Id.* Simplify's operation of business includes servicing clients out-of-state in Nevada. *See id.* As such, its business affects interstate commerce. *See, e.g.*, *Vasquez v. RSI Home Prods., Inc.*, 2020 WL 6778772, at *16 (C.D. Cal. Nov. 12, 2020) (FAA applied where defendant had nationwide business operations).

Because Simplify is engaged in interstate commerce, the Agreement affects interstate commerce and thus falls within the scope of the FAA. *See Montes v. San Joaquin Cmty. Hosp.*, 2014 WL 334912, at *5 (E.D. Cal. Jan. 29, 2014) (Thurston, M.J.) (contract between plaintiff and hospital was governed by FAA because hospital's activities involved interstate commerce); *Herrera v. CarMax Auto Superstores Cal., LLC*, 2014 WL 3398363, at *2-3 (C.D. Cal. July 2, 2014) (employment contract between CarMax and three former employees—a painter, service mechanic, and automotive service technician—involved interstate commerce); *see also Citizens Bank*, 539 U.S. at 56-57 (only "general practice need bear on interstate commerce" for FAA to apply); *Krause*, 2013 WL 6145261, at *2 ("The 'interstate commerce' provision has been interpreted broadly, embracing any agreement that in its operation directly or indirectly affects commerce between states in any fashion."). The FAA applies to the Agreement and this Motion.

Moreover, "the presence of interstate commerce is not the only manner under which the FAA may apply.... [T]he parties may also voluntarily elect to have the FAA govern enforcement of the Agreement." *Victrola 89, LLC v. Jaman Properties 8 LLC*, 46 Cal.App.5th 337, 355 (2020). Here, the Agreement expressly states that "any claim, dispute, and/or controversy that [Plaintiff] may have against [Simplify] (or its owners, directors, officers, managers, employees, or agents) . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ('FAA')." Ryu Decl. Ex. A at ¶ 10. Thus, the FAA applies to the Agreement pursuant to that provision, as well. *See, e.g.*, *Guo v. Louis Vuitton USA, Inc.*, 2024 U.S. Dist. LEXIS 12132, at *17 (C.D. Cal. Jan. 23, 2024) (FAA applied

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"pursuant to provision" expressly providing it was governed by the FAA); *Walters v. Luxottica of Am. Inc.*, 2024 WL 661195, at *5 (C.D. Cal. Jan. 5, 2024) (FAA applied because, among other things, the agreement stated that it was governed by the FAA); *McGrath v. Doordash, Inc.*, 2020 WL 6526129, at *5 (N.D. Cal. Nov. 5, 2020) (listing cases) (fact that agreement "expressly provide[d] that the FAA govern[ed] the agreement" was an "independent reason" for finding that the FAA applied).

### B. The FAA Mandates That Plaintiff's Claims Be Compelled to Individual Arbitration

"Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 373, 351 (2011). "The FAA [therefore] limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); *see Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Once both these factors are met, arbitration must be compelled. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); 9 U.S.C. § 4; *see also Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991) ("The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms.").

Here, arbitration should be compelled because (i) a valid agreement to arbitrate exists, (ii) Plaintiff's claims are within the scope of the Agreement, and (iii) the Agreement is not revocable or voidable. Moreover, ***Plaintiff***—not Simplify— "bears the burden of proving that the claims at issue are unsuitable for arbitration," a burden of proof he cannot possibly meet. *Green Tree Fin. Corp.-Alabama v.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Randolph*, 531 U.S. 79, 91 (2000); *see also Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 686-87 (2000) (same).

### 1.    A valid agreement to arbitrate exists.

When deciding whether a valid arbitration agreement exists, courts must "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Under California law, mutual assent is the key to contract formation." *Namisnak v. Uber Technologies, Inc.*, 315 F. Supp. 3d 1124, 1127 (N.D. Cal. 2018) (citing *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999)).

Here, Plaintiff cannot reasonably dispute that he assented to the Agreement and agreed to be bound thereby, as demonstrated by his electronic signature on the Agreement underneath the paragraph stating, "**BY PRESSING SUBMIT, I AGREE THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND BY ALL OF THE ABOVE TERMS AND THE APPLICABLE TERMS OF THE ATTACHED EXHIBITS.**" Johnson Decl. Ex. A at 3 (emph. in original); Ryu Decl. Ex. A at 3 (emph. in original).  The Agreement unequivocally states that "[i]ncluded within the scope of this arbitration agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims brought under the Fair Labor Standards Act or any other similar state or local law or regulation, or claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act or any other similar local, state, or federal law or regulation), equitable law, or otherwise." *Id*.  Ex. A at 2 (¶ 10).  By signing the Agreement, Plaintiff agreed to be bound by its terms and to resolve any and all claims or controversies between himself and Simplify only through binding arbitration. *Id. See, e.g., Reynolds v. NRC Environmental Services Inc.*, No. CV 20-

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5262 MWF (PDx), 2020 WL 6083112, *4-5 (C.D. Cal. Aug. 24, 2020) (electronic signature on acknowledgment form agreeing to be bound by employer's incorporated terms, including arbitration agreement, found binding on employee); *Furlough v. Capstone Logistics, LLC*, No. 18-cv-02990-SVK, 2019 WL 2076723, *6-7 (N.D. Cal. May 10, 2019) (employee e-signature on acknowledgment form during on-boarding process sufficient evidence employee agreed to terms of employment, including mandatory arbitration provision); *Anderson v. Safe Streets USA LLC*, No. 2:18-cv-00323-KJM, 2018 WL 4106135, *4 (E.D. Cal. Aug. 29, 2018) ("California law recognizes the validity of electronic signatures, stating an 'electronic record or electronic signature is attributable to a person if it was the act of the person.'") (quoting Cal. Civ. Code § 1633.9(a)); *Chico v. Hilton Worldwide, Inc.*, No. CV 14-5750-JFW (SSx), 2014 WL 5088240, *6 (C.D. Cal. Oct. 7, 2014) ("By signing the documents, Plaintiff manifested his assent to the Crestine and RIM Arbitration Agreements."); *see also Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1588 (2005); *Randas v. YMCA of Metropolitan Los Angeles*, 17 Cal. App. 4th 158, 163 (1993).

### 2.     The Agreement plainly covers Plaintiff's claims.

"To determine whether an arbitration agreement encompasses particular claims, courts look to the plain language of the agreement, and "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-86 (1960). "If the text is plain and unambiguous, that is the end of [the] analysis . . . because [courts] 'must rigorously enforce arbitration agreements according to their terms.'" *Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 96 (9th Cir. 2017) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013)). "Any doubts concerning the scope of arbitrable issues should be

13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

Here, Plaintiff's claims are squarely within the scope of the Agreement. The Agreement broadly covers all "all disputes, whether based on tort, contract, statute (including, but not limited to, any claims brought under the Fair Labor Standards Act or any other similar state or local law or regulation, or claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act or any other similar local, state, or federal law or regulation), equitable law, or otherwise", including "disputes regarding termination of employment and compensation." Johnson Decl. Ex. A at 2 (¶ 10); Ryu Decl. Ex. A at 2 (¶ 10). Plaintiff's operative FAC is based on claims for alleged breach of contract, quantum meruit, unpaid wages, retaliation, unfair business practices, and wrongful termination during and related to his employment with Simplify. Such claims patently fall within the scope of the Agreement. *See id*. Thus, the Agreement unambiguously applies to the entire FAC and requires Plaintiff to submit all claims to arbitration. *See, e.g., Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 687 (2000) ("[A]rbitration should be upheld 'unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute.'").

### 3. No generally applicable contract defense applies.

An agreement to arbitrate is valid and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether a contract is revocable is determined by state law. *See First Options of Chicago, Inc.*, 514 U.S. at 944. Under the FAA, courts must enforce arbitration agreements according to their terms unless Plaintiff carries his burden of showing a "generally

14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

applicable contract defense[] such as fraud, duress, or unconscionability invalidates the arbitration agreement." *AT&T Mobility LLC*, 563 U.S. at 339. To prove unconscionability, ***Plaintiff*** must establish that the Agreement is both procedurally ***and*** substantively unconscionable. *See Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1328-29 (1999). Here, there is no evidence of fraud or duress. Further, the Court need not reach procedural unconscionability, because Plaintiff cannot establish substantive unconscionability. First, because Plaintiff was presented with the opportunity to read and review the terms of the Agreement and specifically consented to the Agreement when he signed it, Plaintiff cannot argue the Agreement was fraudulently induced or entered under duress. *See, e.g., Skrbina v. Fleming Cos.*, 45 Cal. App. 4th 1353, 1366 (1996) ("The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding") (int. quot. marks and citations omitted).

Second, the Agreement meets the standard for substantive fairness under California jurisprudence. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000), *overruled on other grounds by AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). In *Armendariz*, the court held that an arbitration agreement concerning statutory rights established "for a public reason" is lawful if it: (1) provides for a neutral arbitrator; (2) provides for more than minimal discovery; (3) requires a written award; (4) provides all the types of relief that would otherwise be available in court; and (5) does not require employees to pay unreasonable costs or arbitrator's fees or expenses as a condition of access to the arbitration forum. *Id.* at 102.

Here, the Agreement satisfies each of the criteria identified in *Armendariz*. The Agreement satisfies the first and second criteria for substantive fairness under

15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Armendariz because it provides for the mutual selection of a neutral arbitrator. Johnson Decl. Ex. A at 2 (¶ 10); Ryu Decl. Ex. A at 2 (¶ 10).  The Agreement also provides for adequate discovery, including by applying California Code of Civil Procedure Section 1283.05, which provides for certain discovery rights, to any arbitration. *Id.*

The Agreement satisfies the third and fourth criteria for substantive fairness under *Armendariz* because it provides for a "written reasoned opinion" and the opportunity to vindicate the same substantive rights and to obtain the same remedies available if proceeding in court. *See id.* ("Resolution of all disputes shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including, but not limited to, notions of 'just cause') other than such controlling law.")

Finally, the Agreement does not require Plaintiff to incur costs that differ in "type" from those that would apply in a court action, as any and all administrative fees and the arbitrator's fees and expenses are to be borne by Simplify.  Johnson Decl. Ex. A at 2 (¶ 10); Ryu Decl. Ex. A at 2 (¶ 10) (applying the procedures of the California Arbitration Act, Cal. Code Civ. Proc. § 1280 et seq.); Cal. Code Civ. Proc. §§ 1281.97-1281.99 (imposing an unconditional obligation on the drafting party of an arbitration agreement to pay all initial filing, administrative, and arbitrator fees within 30 days of receiving an invoice).  Thus, the Agreement satisfies the fifth criteria from *Armendariz*.  *See, e.g., Poublon,* 846 F.3d at 1267-68 ("Under California law, in the context of mandatory employment arbitration[,] . . . arbitration agreements cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.'") (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 918 (2015)).

///

For all the foregoing reasons, the Agreement is neither one-sided nor unconscionable because the arbitration provisions are bilateral, fair, and offer Plaintiff all the remedies he could possibly obtain through civil litigation. Because the Agreement at issue complies with each of the *Armendariz* requirements, it is not unconscionable and is unquestionably valid.[2]  Therefore, the Court should compel arbitration.

**C.    The Action Should Be Stayed Pending Completion Of Arbitration**

Because Plaintiff is bound by the Agreement to arbitrate his claims against Simplify, the Court should accordingly compel arbitration. Further, both the FAA and CAA mandate that this action be stayed pending completion of individual arbitration of Plaintiff's claims. *See* 9 U.S.C. § 3 (requiring courts stay action until an arbitration is had in accordance with order to arbitrate); Cal. Civ. Proc. Code § 1281.4 (The court shall "stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.").

**IV.    CONCLUSION**

For all the foregoing reasons, Simplify respectfully requests the Court order Plaintiff to submit his claims to arbitration and stay this action pending completion of arbitration.

///

///

///

///

---

[2] If this Court finds that any part of the Agreement is invalid, the Agreement's severability clause empowers the Court to sever the offending provision and order that the arbitration comport with the *Armendariz* factors. *See* Johnson Decl. Ex. A at 3 (¶ 10); Ryu Decl. Ex. A at 3 (¶ 10) ("If any portion of this arbitration agreement is deemed invalid or unenforceable, it shall not invalidate the other provisions of this Worksite Employee Acknowledgment subject to this provision.").

17

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Respectfully submitted,

Dated:  June 5, 2026

**BAKER & HOSTETLER LLP**

By:   */s/ Eric L. Barnum*
      ERIC L. BARNUM
      JENNIFER D. GHASSEMI
      SHAIA A. STAMBUK

*Attorneys for Defendant*
SIMPLIFY ASSET
MANAGEMENT INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18